DURIE TANGRI LLP
DARALYN J. DURIE (SBN 169825)
ddurie@durietangri.com
CLEMENT S. ROBERTS (SBN 209203)
croberts@durietangri.com
ELIZABETH OFFEN-BROWN KLEIN (SBN 279077)
eklein@durietangri.com
217 Leidesdorff Street
San Francisco, CA  94111
Telephone: 415-362-6666
Facsimile:   415-236-6300

Attorneys for Plaintiffs
FARFETCH UK LIMITED and FARFETCH.COM US, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARFETCH UK LIMITED AND FARFETCH.COM US, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ECLIPSE IP, LLC,<br><br>Defendant. | Case No. 2:14-cv-09733<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Farfetch UK Limited and Farfetch.com US LLC ("Plaintiffs" or "Farfetch") complain as follows:

## NATURE OF ACTION

1. This is an action seeking Declaratory Judgment that twenty-two United States Patents ("Patents-in-Suit" or "Eclipse Patent Portfolio"), that are owned by Defendant Eclipse IP, LLC ("Eclipse" or "Defendant"), are invalid.

2. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, Title 35 of the United States Code.

## THE PARTIES

3. Farfetch UK Limited is a corporation organized under the laws of England and Wales, with its principal place of business in London, England.

4. Farfetch UK Limited's U.S. subsidiary, Farfetch.com US, LLC, is a corporation organized under the laws of California, with its principal place of business in Los Angeles, California.

5. On information and belief, Eclipse is a Texas limited liability company with a place of business at 711 SW 24th, Boyton Beach, Florida 33435. On information and belief, Eclipse is the owner of the Patents-in-Suit.

6. Upon information and belief, Eclipse is in the business of patent licensing through the threat of litigation.

7. Upon information and belief, a key part of Eclipse's business model is sending letters, emails, and making telephone calls threatening patent litigation and following through on that threat.

## JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a) in that it arises under the United States Patent Laws.

9. This Court has personal jurisdiction over the Defendant pursuant to the laws of the State of California, including California's long-arm statute and California Code of Civil Procedure § 410.10.

1
COMPLAINT FOR DECLARATORY JUDGMENT / CASE NO. 2:14-CV-09733

10. Eclipse has filed at least 36 cases asserting patent infringement in this District, and has been involved in at least 134 lawsuits involving the Eclipse Patent Portfolio nationwide.

11. Eclipse has litigated the Patents-in-Suit in this judicial district more than any other district.

12. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

### PATENTS-IN-SUIT / ECLIPSE PATENT PORTFOLIO

13. On October 10, 2006, U.S. Patent No. 7,119,716 (the '716 Patent), entitled Response Systems and Methods for Notification Systems for Modifying Future Notifications was issued. Claims 1, 2, 4, 6, 7, 18, 19, 20, 41, 43, 44, 45, and 46 of the '716 Patent were found to be invalid for failing to satisfy 35 U.S.C. § 101.

14. On June 20, 2006, U.S. Patent No. 7,064,681 (the '681 Patent), entitled Response Systems and Methods for Notification Systems was issued. The '681 Patent resulted from a continuation application of the '716 Patent's application. Claims 1, 3, 4, and 6 of the '681 Patent were found to be invalid for failing to satisfy 35 U.S.C. § 101.

15. On September 26, 2006, U.S. Patent No. 7,113,110 (the '110 Patent), entitled Stop List Generation Systems and Methods Based upon Tracked PCD's and Responses from Notified PCD's was issued. The '110 Patent resulted from a continuation application of the '716 Patent's application. Claims 1, 2, 7, and 8 of the '110 Patent were found to be invalid for failing to satisfy 35 U.S.C. § 101.

16. On January 15, 2008, U.S. Patent No. 7,319,414 (the '414 Patent), entitled Secure Notification Messaging Systems and Methods Using Authentication Indicia was issued. The '414 Patent resulted from a continuation application of the '716 Patent, which had claims invalidated for claiming unpatentable subject matter.

17. On January 20, 2009, U.S. Patent No. 7,479,899, entitled Notification Systems and Methods Enabling a Response to Cause Connection Between a Notified PCD and a Delivery or Pickup Representative was issued. U.S. Patent No. 7,479,899 resulted from a

continuation application of the '716 Patent, which had claims invalidated for claiming unpatentable subject matter.

18.     On January 20, 2009, U.S. Patent No. 7,479,900 (the '900 Patent), entitled Notification Systems and Methods that Consider Traffic Flow Predicament Data was issued.  The '900 Patent resulted from a divisional application of the '716 Patent, which had claims invalidated for claiming unpatentable subject matter.

19.     On January 20, 2009, U.S. Patent No. 7,479,901 (the '901 Patent), entitled Mobile Thing Determination Systems and Methods Based upon User-Device Location was issued.  The '901 Patent claims priority to the '716 Patent, which had claims invalidated for claiming unpatentable subject matter.

20.     On January 27, 2009, U.S. Patent No. 7,482,952 (the '952 Patent), entitled Response Systems and Methods for Notification Systems for Modifying Future Notifications was issued.  The '952 Patent resulted from a divisional application of the '716 Patent, which had claims invalidated for claiming unpatentable subject matter.

21.     On March 17, 2009, U.S. Patent No. 7,504,966 (the '966 Patent), entitled Response Systems and Methods for Notification Systems for Modifying Future Notifications was issued.  The '966 Patent claims priority to the '716 Patent, which had claims invalidated for claiming unpatentable subject matter.

22.     On May 5, 2009, U.S. Patent No. 7,528,742 (the '742 Patent), entitled Response System and Methods for Notification Systems for Modifying Future Notifications was issued.  The '742 Patent claims priority to the '716 Patent, which had claims invalidated for claiming unpatentable subject matter.

23.     On May 26, 2009, U.S. Patent No. 7,538,691 (the '691 Patent), entitled Mobile Thing Determination Systems and Methods Based upon User-Device Location was issued.  The '691 Patent claims priority to the '716 Patent, which had claims invalidated for claiming unpatentable subject matter.

24.     On July 14, 2009, U.S. Patent No. 7,561,069 (the '069 Patent), entitled Notification Systems and Methods Enabling a Response to Change Particulars of Delivery

or Pickup was issued. The '069 Patent resulted from a divisional application of the '716 Patent, which had claims invalidated for claiming unpatentable subject matter

25. On January 25, 2011, U.S. Patent No. 7,876,239 (the '239 Patent), entitled Secure Notification Messaging Systems and Methods Using Authentication Indicia was issued. The '239 Patent resulted from a continuation application of the '414 Patent, which resulted from a continuation application of the '716 Patent, which had claims invalidated for claiming unpatentable subject matter.

26. On November 29, 2011, U.S. Patent No. 8,068,037 (the '037 Patent), entitled Advertisement Systems and Methods for Notification Systems was issued. The '037 Patent claims priority to the '716 Patent, which had claims invalidated for claiming unpatentable subject matter.

27. On July 31, 2012, U.S. Patent No. 8,232,899, entitled Notification System and Methods Enabling Selection of Arrival or Departure Times of Tracked Mobile Things in Relation to Locations was issued. U.S. Patent No. 8,232,899 claims priority to the '716 Patent, which had claims invalidated for claiming unpatentable subject matter.

28. On August 14, 2012, U.S. Patent No. 8,242,935 (the '935 Patent), entitled Notification System and Methods Where a Notified PCD Causes Implementation of a Task(s) Based Upon Failure to Receive a Notification was issued. The '935 Patent claims priority to the '716 Patent, which had claims invalidated for claiming unpatentable subject matter.

29. On October 10, 2012, U.S. Patent No. 8,284,076 (the '076 Patent), entitled Systems and Methods for a Notification System that Enable User Changes to Quantity of Goods and/or Services for Deliver and/or Pickup was issued. The '076 Patent claims priority to the '716 Patent, which had claims invalidated for claiming unpatentable subject matter.

30. On January 29, 2013, U.S. Patent No. 8,362,927 (the '927 Patent), entitled Advertisement Systems and Methods for Notification Systems was issued. The '927

Patent claims priority to the '716 Patent, which had claims invalidated for claiming unpatentable subject matter.

31. On February 5, 2013, U.S. Patent No. 8,368,562 (the '562 Patent), entitled Systems and Methods for a Notification System that Enable User Changes to Stop Location for Delivery and/or Pickup of Good and/or Service was issued. The '562 Patent claims priority to the '716 Patent, which had claims invalidated for claiming unpatentable subject matter.

32. On September 10, 2013, U.S. Patent No. 8,531,317 (the '317 Patent), entitled Notification Systems and Methods Enabling Selection of Arrival or Departure Times of Tracked Mobile Things in Relation to Locations was issued. The '317 Patent claims priority to the '716 Patent, which had claims invalidated for claiming unpatentable subject matter.

33. On October 22, 2013, U.S. Patent No. 8,564,459 (the '459 Patent), entitled Systems and Methods for a Notification System that Enable User Changes to Purchase Order Information for Delivery and/or Pickup of Goods and/or Services was issued. The '459 Patent claims priority to the '716 Patent, which had claims invalidated for claiming unpatentable subject matter.

34. On April 29, 2014, U.S. Patent No. 8,711,010 (the '010 Patent), entitled Notification Systems and Methods that Consider Traffic Flow Predicament Data was issued. The '010 Patent claims priority to the '716 Patent, which had claims invalidated for claiming unpatentable subject matter.

35. Collectively the twenty-two patents identified in paragraphs 13 to 34 are the Patents-in-Suit and the known Eclipse Patent Portfolio.

36. All the Patents-in-Suit are related and claim priority to the '716 Patent.

37. On September 4, 2014, District Court Judge George H. Wu, presiding over the case of *Eclipse IP LLC v. McKinley Equipment Corporation*, granted the defendant's Motion to Dismiss for Lack of Patentable Subject Matter, and invalidated every claim he was asked to consider from the '681, '110, and '716 Patents. On September 4, 2014, the

Court entered a final judgment in favor of the defendant. On October 7, 2014, Eclipse filed a Notice of Appeal to the Federal Circuit. On October 22, 2014, the Federal Circuit dismissed the appeal pursuant to Eclipse's voluntary dismissal.

### ECLIPSE'S THREATS AGAINST FARFETCH

38.  On October 7, 2014, Matt Olavi of the law firm Olavi Dunne LLP, counsel for Eclipse, sent a letter to José Neves, Chief Executive Officer and Founder of the Farfetch Group (the "Olavi letter").

39.  The Olavi letter asserts that Farfetch, Inc. infringes patents in the Eclipse Patent Portfolio, warns that Eclipse "aggressively litigates patent infringement lawsuits," and gave November 11, 2014 as a cutoff date, after which, Eclipse "assume[s] that [Farfetch is] not interested in resolving this matter without litigation." A true and correct copy of that letter is attached hereto as Exhibit 1.

40.  The Olavi letter references the entire Eclipse Patent Portfolio, noting that "Eclipse IP's patent portfolio currently includes 21 issued patents comprising over 595 claims in the field of data communications and information and messaging systems . . . ."

41.  The Olavi letter states that a flash drive with copies of all the patents in Eclipse Patent Portfolio is enclosed.

42.  In the Olavi letter, Eclipse accuses the "electronic messaging features of [Farfetch's] online ordering system" and contends that those features "infringe claims of at least several of Eclipse's Patents."

43.  The Olavi letter specifically identifies as representative examples of Farfetch's alleged infringement of the Eclipse Patent Portfolio two patents by patent number: U.S. Patent No. 7,479,899 and the '716 Patent.

44.  Eclipse concludes the letter by offering a worldwide license to the entire Eclipse Patent Portfolio and threatens litigation if Farfetch does not take such a license, suggesting that Farfetch requires a license to the Eclipse Patent Portfolio.

45. Eclipse's letter, as well as its pattern of aggressive litigation, show that there is a substantial controversy between the parties having adverse legal interest, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

### FIRST CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of the Patents-in-Suit)

46. Farfetch incorporates by reference and realleges each of the allegations set forth in preceding paragraphs as though fully set forth herein.

47. All of the claims of the Patents-in-Suit are invalid under the United States Patent Act pursuant to 35 U.S.C. § 101 because they purport to claim unpatentable abstract concepts.

48. Based on Eclipse's letter, its threat of litigation for patent infringement, and Eclipse's pattern of litigation, an actual case or controversy exists as to whether Farfetch infringes any valid or enforceable claim of the Patents-in-Suit, and Farfetch is entitled to a declaration that the claims of the Patents-in-Suit are invalid.

### REQUEST FOR RELIEF

Therefore, Farfetch requests for judgment:

49. A declaration that the claims of the patents comprising the Eclipse Patent Portfolio are invalid;

50. That Farfetch be awarded its costs of suit;

51. That the Court declare this to be an exceptional case pursuant to 35 U.S.C. § 285, and award Farfetch its reasonable attorneys' fees; and

52. For such other relief as the Court deems proper.

Dated: December 19, 2014           DURIE TANGRI LLP

                                   By:  */s/ Daralyn J. Durie*
                                          Daralyn J. Durie

                                   Attorneys for Plaintiffs
                                   FARFETCH UK LIMITED and
                                   FARFETCH.COM US, LLC